NO. 07-11-00258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 22, 2012

JACOB RAMIREZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,742-C; HONORABLE ANA ESTEVEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jacob Ramirez appeals from the trial court's adjudication of his guilt for the offense of manslaughter with a deadly weapon[1] and the resulting sentence of twelve years of imprisonment. Appellant's attorney has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

---

[1] Tex. Penal Code Ann. § 19.04 (West 2011).

In April 2009, appellant allowed a fifteen-year-old girl to drive his car, which crashed, causing her death. Appellant was charged by indictment with aggravated assault with a deadly weapon and manslaughter with a deadly weapon. Appellant plead guilty to manslaughter with a deadly weapon. The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of seven years. Appellant's community supervision was conditioned on his compliance with specified terms and conditions. In December 2010, the State filed a motion to proceed with an adjudication of guilt and the court heard the motion in May 2011.

At the outset of the hearing, the State waived one of its allegations. Appellant plead "true" to each of the State's remaining allegations. The record also contains documents signed by appellant, including a stipulation of evidence and judicial confession. Appellant testified at the hearing, admitting each violation, and explaining his reasons for each violation. The trial court, based on appellant's plea of "true" and the evidence presented, revoked his community supervision and adjudicated appellant guilty. The trial court assessed punishment against appellant at twelve years of imprisonment. This appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are

2

no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response, raising several issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim. App.1991).

In his brief, counsel concludes no arguably meritorious issues are presented here. We agree. Appellant entered a plea of "true" to each of the State's allegations the trial court considered. These admissions alone warranted the trial court's decision to adjudicate guilt**.** See *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, no pet.) (holding that one's probation can be revoked on any ground supported by the evidence).

We note also appellant's punishment was within the permissible range for a second degree felony. Appellant originally plead guilty to manslaughter with a deadly weapon, an offense with an applicable punishment range of not more than 20 years or less than 2 years. *See* Tex. Penal Code Ann. § 12.33 (West 2011). The trial court sentenced appellant to twelve years of imprisonment, a term well within the applicable

range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

We have also considered each of the issues raised by appellant in his response. We do not find any raising arguably meritorious grounds for appeal.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the adjudication, revocation and sentence. We agree it presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw.[2]

We do note there is an ambiguity in the judgment. A $1000 fine was assessed at the time of the deferred adjudication. At the revocation, however, there was no mention of the fine and it was not part of the oral rendition of appellant's sentence. The front of the judgment shows "Fine N/A," while the body of the judgment shows the original fine of $1000. When there is a variance between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998); *Young v. State,* No. 06-10-00137-

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.

CR, 2011 Tex.App. LEXIS 1491 (Tex.App.—Texarkana March 2, 2011, no pet.) (mem. op., not designated for publication) (applying same to revocation proceeding). An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. Tex. R. App. P. 43.2(b); *see, e.g., Tamez v. State*, 620 S.W.2d 586, 590 (Tex.Crim.App. 1981) (panel op.) (reforming judgment to show $500 fine imposed but not stated in judgment); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist. 2001, no pet.) (reforming judgment to reflect longer sentence). Similar errors have been corrected in other *Anders* cases. *See, e.g., Brasfield v. State*, No. 13-08-00699-CR, 2009 Tex. App. LEXIS 6641, (Tex. App.—Corpus Christi Aug. 25, 2009, no pet.) (mem. op., not designated for publication) (deleting a fine from the judgment).

It is clear to us here the trial court did not render the fine so it is not part of the sentence. We correct the ambiguity and strike the conflicting language appearing to impose the fine against appellant. As reformed, the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

5